IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 06-0815-CV-W-HFS |
| v. | ) ) | |
| WESTERN CONTAINER COMPANY, | ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Keith Simmons who was adversely affected by such practices. The Commission alleges that Keith Simmons, an African-American male, was racially harassed by co-workers and members of management at Western Container Company.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Western Division.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Western Container Company (the "Employer"), has continuously been a Missouri corporation doing business in the State of Missouri and the City of Kansas City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Keith Simmons filed a charge with the Commission alleging a violation of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2003, Defendant Employer has engaged in unlawful employment practices at its Kansas City, Missouri facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

    (A) Defendant Employer has violated Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) by subjecting Keith Simmons to racial harassment.

8. The effect of the practices complained of in paragraph 7(A) above has been to deprive Keith Simmons of equal employment opportunities and otherwise adversely

affect his status as an employee, because of his race.

9. The unlawful employment practices complained of in paragraph 7(A) above were intentional.

10. The unlawful employment practices complained of in paragraph 7(A) above were done with malice or with reckless indifference to the federally protected rights of Keith Simmons.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial harassment and any other employment practice that discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for African-Americans, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Keith Simmons, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7(A) above in amounts to be determined at trial.

D. Order Defendant Employer to make whole Keith Simmons by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7(A) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Keith Simmons punitive damages for its

malicious and reckless conduct described in paragraph 7(A) above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        Robert G. Johnson
        Regional Attorney

        Barbara Seely
        Supervisory Trial Attorney

        /s/ Anne E. Gusewelle
        Anne E. Gusewelle
        Senior Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Kansas City Area Office
        Gateway Tower II
        4th and State Avenue, 9th Floor
        Kansas City, KS 66101
        (913) 551-5844 (tel)
        (913) 551-6957 (fax)