UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| KEITH SIMMONS, | ) No. 06-0815-CV-W-HFS ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| WESTERN CONTAINER COMPANY, | ) ) |
| Defendant. | ) |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission instituted this action alleging that Defendant Western Container Company discriminated against an African-American employee, Keith Simmons, by subjecting him to racial harassment in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Keith Simmons was permitted by the Court to intervene as a party plaintiff, with his own retained counsel and asserted additional claims against Defendant for racial harassment under Title VII and the Missouri Human Rights Act ("MHRA").

The parties enter into this Decree on a compromise basis, for purposes of settlement and in order to avoid further litigation and expense. Defendant specifically denies the allegations made by the EEOC and Keith Simmons in this lawsuit. Neither the execution of this Decree nor the consideration herein specified shall constitute or be construed as an admission by Defendant of any violation of Title VII, the MHRA, or any executive order, law, rule or regulation dealing

with race discrimination in employment, including racial harassment, or of any wrongful, illegal or discriminatory act in connection with the employment of Keith Simmons or otherwise.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII and the MHRA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among all the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

## I. General Provisions

1. Defendant shall not discriminate against African-American employees by subjecting them to race discrimination. Hereinafter the term "discrimination" shall be understood to include harassment.

2. Defendant shall not discriminate or retaliate against any employee because he or she has opposed any practices alleged in this action as unlawful under Title VII, has participated in an investigation conducted under this law with respect to this complaint, has participated in this lawsuit, or has benefited in any way as a result of this Decree.

## II. Relief for Aggrieved Person

3. Pursuant to a separate Settlement Agreement and Release, Defendant has agreed to pay, on a compromise basis in order to avoid further litigation and expense, $126,250.00 to resolve this matter.

## III. Injunctive Relief

4. Within thirty (30) days after the date the Court approves this Decree, Defendant shall disseminate an anti-discrimination notice to all supervisory and non-supervisory employees. Such anti-discrimination notice shall include a statement by the Chief Executive Officer that racial discrimination will not be tolerated by the company. Further, the notice shall state that employees who engage in such discriminatory conduct will be subject to discipline, up to and including termination, that all employees are encouraged to report racial harassment of which they become aware or to which they believe they have been subjected, and that employees who make such reports will not be subject to retaliation.

Along with the anti-discrimination notice, Defendant shall maintain and distribute an anti-discrimination policy, which shall include, at a minimum, a definition of unlawful harassment and discrimination, a clear and effective procedure with multiple reporting channels for employees to report possible harassment or discrimination, and a statement that no employee will be subjected to retaliation for reporting possible discrimination or harassment, participating in the investigation of such a report, and/or any other protected activity. Defendant will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in paragraph 10, below.

5. Within ninety (90) days after the date the Court approves this Decree, Defendant will provide eight (8) hours of training on racial harassment and discrimination to all supervisory

employees. It shall also provide six (6) hours of such training to all non-supervisory employees. Such non-supervisory employee training shall take place on two separate occasions, the first of which shall take place within ninety (90) days of the Court's approval of this Decree and the second of which shall occur within one hundred eighty (180) days of the first session. Such sessions will be for one hour per shift. Defendant shall schedule a single make-up session for any employee absent on the day of initial training. During the second year of the Consent Decree, defendant shall provide two hours of follow-up training to its supervising employees.

All training shall include, at a minimum, the following topics: recognizing racial harassment; learning how to prevent or eliminate racial harassment and discrimination in the workplace; respecting racial and cultural diversity; emphasizing the procedure, with multiple reporting channels, for employees to report possible racial harassment or discrimination; and reinforcing Western Container Company's policy to provide a work environment free of racial harassment and discrimination.

All such training shall be done by an outside, reputable vendor whose name and qualifications will be submitted to the EEOC for review at least thirty (30) days prior to the start of such training. Defendant will provide certification to the EEOC that it has complied with the requirements of this paragraph, including actual dates and times of such training and a list of the names and positions of all employees receiving such training, as provided in paragraph 10 below.

6.      Defendant agrees that, in conjunction with the training that it provides to its supervisory employees under Paragraph 5 of this Decree, it will instruct its managers and supervisors that the effective and prompt handling of equal employment opportunity issues, including the receipt of verbal or written complaints made to them about racial harassment and

4

discrimination in the workplace, is a part of their job duties and that failure to report such complaints could have a tangible impact on their employment. Defendant will provide certification that it has complied with the requirements of this paragraph as provided in Paragraph 10, below.

## IV. Posting

7.   Defendant shall continue to post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.R.F. § 1601.30 on the primary bulletin board that is publicly visible at the facility.

8.   Within fifteen (15) days of the entry of this Decree, Defendant shall post and cause to remain posted copies of the Notice attached hereto as Exhibit A on the same bulletin board publicly visible to all employees for the term of the Decree. Defendant will provide certification that it has complied with the requirements of this paragraph to the EEOC as provided in paragraph 10, below.

## V. Reporting and Access

9.   Defendant agrees that twice yearly for the term of the Decree beginning six (6) months from the date that the Court approves the Decree, it shall provide a written report to the Commission regarding all internal complaints of racial discrimination made verbally or in writing to Defendant's management. The reports shall include the following information:

(a)   name (if applicable), race, last known residential address, and land line and/or cell telephone number of the person who made the complaint;

(b)   name, race, and position title of person about whom a complaint was made;

(c)   date of the complaint;

(d)   allegations of the complaint;

(e) name, race, and position title of any person who participated in any investigation or decision-making regarding the complaint;

(f) actions taken, if any, as a result of the investigation of the complaint, and

(g) copies of all documents, not otherwise protected from disclosure by operation of the attorney-client privilege or work product doctrine, pertaining to any investigation into the matter.

10. Defendant shall provide all written reports required by this Decree to Jean P. Kamp, Acting Regional Attorney, United States Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce St., Rm. 8.100, St. Louis, MO 63103.

11. During the term of this Decree Defendant shall allow representatives of the Commission to review Defendant's compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting Defendant's premises. Such review of compliance shall be initiated by written notice to the Defendant's attorneys of record at least five (5) business days in advance of any inspection.

## VI. Term and Effect of the Decree

12. This Decree shall be binding upon the parties hereto, their successors and assigns.

13. This Decree shall be in force for a period of two (2) years. During the Decree's term, the Court shall retain jurisdiction of this cause for purposes of enforcement.

14. The parties shall bear their own costs.

DATE:  April 2, 2008                        /s/ Howard F. Sachs
                                                       UNITED STATES DISTRICT JUDGE

BY CONSENT:

FOR PLAINTIFF EEOC:                          FOR DEFENDANT WESTERN
                                             CONTAINER COMPANY
Jean P. Kamp
Acting Regional Attorney

Barbara Seely
Supervisory Trial Attorney                   /s/
                                             STINSON MORRISON HECKER LLP
                                             Paul E. Donnelly
                                             Erin C. Kobler
                                             1201 Walnut, Suite 2900
/s/                                          Kansas City, MO 64106
ANNE E. GUSEWELLE                            (816) 842-8600 (Tel.)
Senior Trial Attorney                        (816) 691-3495 (Fax)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
Gateway Tower II
4th and State Avenue, 9 Floor
Kansas City, KS 66101
(913) 551-5844 (tel)
(913) 551-6957 (fax)

# EXHIBIT A

## NOTICE

This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree between Western Container Company and the Equal Employment Opportunity Commission (EEOC).

Federal Law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, disability or age (40 and over) with respect to hiring, firing, promotions, compensation, or other terms, conditions or privileges of employment.

Western Container Company supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

Western Container Company will take prompt and appropriate action to investigate and resolve complaints of race discrimination at its facility.

Western Container Company employees are encouraged and requested to promptly report to their supervisor, to any other supervisor, or to the Controller any possibly unlawful discrimination or harassment. Complaints will be handled with as much confidentiality as possible, and no employee who makes a report or provides information as a witness will be penalized or retaliated against. An investigation will be conducted as soon as possible and appropriate corrective action, as necessary, will be taken, up to and including termination of a wrongdoer. An employee also may report possibly unlawful discrimination or harassment to the Equal Employment Opportunity Commission, Gateway Tower II, 4 and State Ave., 9 Flr., Kansas City, KS 66101, (913) 551-5655.

Signed this _____ DAY OF _____, 2008

_____
Chief Executive Officer
Western Container Company